## McFall et al. v. Roberts.

May 9, 1939.

J. A. EDGE for appellants.

WILL D. JESSE and MARSHALL A. DAWSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

The appellant, Annie McFall, was the owner of several hundred acres of land in Woodford County, Kentucky, and by written contract, dated January 1, 1936, she rented to her brother, Charles McFall, who lived in the same home with her, all the land she owned and perhaps other lands which she had rented from others, for a cash rental of $2,500 per year. By the terms of the contract, she retained a lien on all the crops sold from the farm and upon all livestock grown thereon, to secure the payment of the rent. The contract also required that all livestock and crops marketed from the farm should be placed on the market in her name.

The appellee, Burley Roberts, by verbal agreement with Charles McFall, cultivated and grew a crop of tobacco, corn, and perhaps some other farm products, on a part of the land rented by Annie McFall to Charles McFall, for the years 1936 and 1937, the 1937 crop only being in controversy in this suit.

The tobacco grown by appellee for the year 1937 was taken to the Headley Warehouse Company at Lexington, Kentucky, and sold for $1,216.86. The check was made payable to Annie McFall and Burley Roberts, and delivered to Charles McFall, who delivered it to Annie McFall. Annie McFall kept the check in her possession for eight or ten days and then deposited it in a bank at Lawrenceburg, Kentucky, to her sole credit, and in turn credited her brother, Charles McFall, with the same amount on their rental contract. It is Annie McFall's contention that Charles McFall only was her tenant, and that she had no connection with the rental contract between Charles McFall and Burley Roberts. On the other hand, Burley Roberts contends that he rented the land from Charles McFall as the agent of his sister, Annie McFall, and that he was the tenant of Annie McFall, and, therefore, entitled to one-half of the proceeds of the check mentioned above, or the sum of $608.43.

Annie McFall refused to pay Burley Roberts any part of the check, whereupon he filed this suit against Annie McFall, Charles McFall and the Headley Warehouse Company, seeking to recover of them $608.43.

The Headley Warehouse Company filed its answer and cross-petition, but since it is not a party to this appeal, we need not discuss that phase of the case.

Charles McFall filed his answer, counterclaim and cross-petition, denying certain material allegations of the petition, including the one that he was the agent of Annie McFall. He further plead that Roberts was not entitled to any part of the check in controversy and whatever sum may be due Roberts, became due from him, Charles McFall, and that Roberts was a tenant of the land controlled and operated by him, Charles McFall. For his counter-claim he alleged that he furnished Roberts with tobacco seed, seed corn, pasturage for sheep, labor and other services to the amount of $319.15, which sum should be deducted from one-half of the proceeds of the check in controversy, or $608.43, leaving a balance due Roberts of $289.09, which sum he

tendered Roberts in full settlement of his claim. Roberts refused to accept this sum or any sum less than $608.43, and upon issues made, the jury found for Roberts the sum claimed, and Annie McFall and Charles McFall have appealed, insisting that the evidence is insufficient to support the verdict and judgment and that appellants' motion for a peremptory instruction should have been sustained.

It is stipulated in the record that the bill of exceptions and the transcript of evidence will be filed when completed by the circuit court clerk and approved. However, the record does not contain a complete transcript of the evidence. We only have the depositions of Annie McFall and Charles McFall taken by plaintiff, Roberts, as if on cross-examination. It is stated in the bill of exceptions that the plaintiff, Burley Roberts, testified for himself and introduced Charles McFall. In briefs of respective counsel, Burley Roberts' evidence is referred to, but we are unable to find his evidence in the record.

It is the rule that in the absence of a complete transcript of evidence the presumption is that the evidence was sufficient to support the verdict, hence the only question for our determination is whether the pleadings support the judgment. This principle is too well known to require citation of authority. Upon examination of the pleadings for ourselves, we find them sufficient to support the judgment.

Wherefore, the judgment is affirmed.